UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
 )  **JUDGE RICHARD L. SPEER**
Steven Bechtel )
 )  Case No. 08-31895
 Debtor(s) )
 )

## DECISION AND ORDER

Pending before this Court are two related Motions: (1) the Motion of the Creditor, Carl E. Murphy, Jr., for Relief from Stay and Abandonment, (Doc. No. 14); and (2) the Motion of the Debtor to Avoid Lien of the Creditor, Carl E. Murphy. (Doc. No. 24). The Trustee subsequently joined in the Debtor's Motion to Avoid Lien, and has since prosecuted the action. (Doc. No. 40). Against the Creditor's Motion for Relief from Stay, both the Trustee and the Debtor filed objections. (Doc. No. 29). The Creditor, Carl Murphy, likewise, filed an Objection to the Debtor's Motion to Avoid Lien. (Doc. No. 31).

At a Hearing held on these matters, the Court afforded the Parties the opportunity to file briefs in support of their respective positions. (Doc. No. 42). The Court is now in receipt of these materials. (Doc. No. 55 & 56). In addition, concerning the matters raised by the Parties' respective Motions, additional pleadings were filed with the Court – namely, the Creditor, Carl Murphy, filed an Objection to the Trustee's Notice of Public Auction. (Doc. No. 57). The Trustee, on the other hand, filed a Motion to Certify Question of Controlling Law to the Supreme Court of Ohio. (Doc. No. 58).

Based upon the arguments and evidence now before the Court, the Court finds that the matters set forth herein are now ripe for decision. In accordance therewith, the following shall

constitute, under Bankruptcy Rules 7052 and 9014, this Court's findings of fact and conclusions of law.

## FACTS

On March 17, 2008, the Debtor, Steven A. Betchel (hereinafter the "Debtor"), filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Prior to filing for relief, the Debtor purchased a jewelry store business from the Creditor, Carl E. Murphy (hereinafter the "Creditor"). As a part of this business transaction, the Creditor extended financing to the Debtor. In return, the Debtor executed an agreement, pledging as security the following collateral:

> All showcases machines and equipment conveyed to Borrowers by Lenders
> in January 2005 or equipment of like value as determined by Lender, together
> with jewelry of wholesale value equal to or in excess of the outstanding loan
> balance.

(Claims Register 1-1, Ex. A & B). This agreement was never recorded, or otherwise made a part of the public record.

During the administration of this case, the Creditor filed a proof of claim against the Debtor's bankruptcy estate. This proof of claim set forth a secured claim in the amount of $41,482.00, secured by property valued at $21,810.00. *Id.* No objection to this claim has been filed. As evidence of his proof of claim, the Creditor attached a state-court certificate of judgment showing that, in January of 2008, judgement had been rendered in his favor against the Debtor in the amount of $40,025.72, plus interest. (*Id.* at Ex. D). The certificate of judgment was entered on February 19, 2008. *Id.*

Page 2

In re: Steven Bechtel
Case No. 08-31895

## DISCUSSION

In this case, four matters are before the Court: (1); the Motion of the Debtor, as now prosecuted by the Trustee, to Avoid Lien; (2) the Creditor's Motion for Relief from Stay and Abandonment; (3) the Creditor's Objection to the Trustee's Notice of Public Auction; and (4) the Trustee's Motion to Certify Question of Controlling Law to the Supreme Court of Ohio. Each of these matters are core proceedings as they concern the administration of the estate and directly affect the liquidation of estate assets and the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(A)/(O). In addition, the first two matters are specifically deemed to be core proceedings as they respectively involve a determination as to the validity of a lien and a motion to terminate the automatic stay. § 157(b)(2)(F)/K). Accordingly, as core proceedings, this Court has the jurisdictional authority to enter final orders and judgments for each of the four matters. § 157(b)(1). Each matter will now be addressed in order.

**(1) The Motion of the Debtor, as now prosecuted by the Trustee, to Avoid Lien**

The Motion to Avoid Lien is based on the Creditor's failure to perfect his security interest. (Doc. No. 24, at pg. 2). As authority to avoid the Creditor's lien, the Trustee cites to 11 U.S.C. § 544(a)(1), otherwise known as the strong-arm clause. This provision provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

Page 3

In re: Steven Bechtel
Case No. 08-31895

The party moving for the applicability of § 544(a)(1), here the Trustee, carries the burden of proof. *In re Brouillette*, 389 B.R. 214, 218 (Bankr. D.Kan. 2008).

In concise terms, § 544(a)(1) permits a trustee to avoid a transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a hypothetical judicial lien holder as determined as of the commencement of the case. The ability of a trustee, as judicial lien holder, to avoid subordinate liens and security interests is made by reference to applicable, nonbankrutpcy law, in this case Ohio law. Under Ohio law, judicial lien holders normally take priority over liens and unperfected security interests. O.R.C. § 1309.317(A)(2). Also, it is the general rule that "a financing statement must be filed to perfect all security interests." O.R.C. § 1309.310.

Therefore, when a creditor has not taken the necessary steps under Ohio law to put other potential creditors on notice of its interest, usually by properly perfecting its interest, § 544(a)(1) will frequently allow the trustee to avoid that interest. Once avoided, the property subject to the lien or security interest becomes property of the estate, free and clear of the claims of any particular creditor, and is administered for the benefit of the estate. *In re Woodward*, 234 B.R. 519, 525 (Bankr. N.D.Okla.1999). As is the case here, § 544(a)(1) is commonly employed to void unperfected liens and security interests in personal property. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1023 (6th Cir. 2001).

In this matter, the agreement between the Parties purports to provide the Creditor with a secured interest in display cases and other similar items used in the Debtor's jewelry store business, as well as an interest in the actual jewelry. The legality of this agreement was not questioned by the Trustee. *See* 11 U.S.C. § 558 (the estate has the benefit of any defenses available to the debtor). Hence, insofar as it concerns the transaction between just the Debtor and the Creditor, the Parties' purported security agreement would appear to be enforceable. The same, however, cannot be said with respect to any third parties who might have obtained an interest in the collateral.

Page 4

In re: Steven Bechtel
Case No. 08-31895

The Creditor acknowledges that he did not file a financing statement with respective to his security arrangement with the Debtor. Therefore, pursuant to § 544(a)(1), the security agreement would not appear to be enforceable against the Trustee as it was not perfected. *Bash v. Check (In re Check)*, 129 B.R. 492, 493 (Bankr. N.D.Ohio 1991) (an invalid lien is binding only between the parties and is not effective against a valid judgment lien and against the trustee in his capacity as a hypothetical judicial lien creditor). The Creditor, nonetheless, maintains that his interest in the Debtor's business property should be recognized in this bankruptcy case because he holds a purchase-money security interest in the property. (Doc. No. 56).

A purchase-money security interest arises when the obligation is "incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used." O.R.C. § 1309.103. A creditor holding a purchase-money security interest is afforded certain benefits. Importantly, with regards to the issue of perfection, a creditor holding a purchase-money security interest in "consumer goods" does not have to file a financing statement in order to perfect a security interest. O.R.C. § 1309.309(A). Perfection of the security interest occurs automatically, upon the attachment of the security interest. *Id*.

Yet, it may be safely concluded that the category of collateral at issue here does not fall within the scope of "consumer goods." "Consumer goods" are those which "are used or bought for use primarily for personal, family, or household purposes." O.R.C. § 1309.102(23). Instead, the transaction between the Creditor and the Debtor, arising from a business transaction, may be said to give rise to collateral falling within the categories of "inventory" and "equipment." O.R.C. § 1309.102(48) (inventory defined to include goods held by a person for sale); O.R.C. § 1309.102(33) (equipment is a residual category, defined to mean "goods other than inventory, farm products, or consumer goods."). This makes the Creditor's assertion of a purchase-money security interest immaterial to the underlying question of lien avoidance pursuant to § 544(a)(1).

Page 5

In re: Steven Bechtel
Case No. 08-31895

In the absence of the secured party's possession of such goods, a security interest in "inventory" and "equipment" may only be perfected by filing a financing statement. O.R.C. § 1309.310. *See also Rogers v. Huntington Nat'l. Bank*, 2004 WL 2980597 *5 (Ohio App. 12th Dist. 2004). Consequently, even accepting that the Creditor holds a purchase-money security interest in the Debtor's property does not change the underlying fact: he failed to perfect his security interest in the Debtor's property by filing a financing statement. Therefore, without a validly perfected security interest in the Debtor's "inventory" and "equipment," the Trustee's status, as a judicial lien holder under Ohio law, trumps the Creditor's interest in this property, thereby allowing the Trustee to avoid the interest pursuant to § 544(a)(1).

The Court also rejects the Creditor's assertion that his claim is somehow insulated from attack because the Trustee did not object to his proof of claim wherein he set forth a secured claim for $40,025.72. The Bankruptcy Code makes explicit that a Trustee's ability to avoid a lien is not contingent on the claims allowance process. Specifically, § 502(h) of the Bankruptcy Code provides that to the extent one becomes a claimant by reason of the recovery of property predicated upon a trustee's avoiding power, the claim, if allowable, has the status of a claim existing at the date of the filing of the petition. Complimenting this provision, § 502(d) requires the disallowance of a claim if a transferee of a voidable transfer does not comply with their legal duty.

At this time, however, entry of judgment in the Trustee's favor is premature. Procedurally, the Trustee has sought to avoid the Creditor's lien by adopting the Debtor's Motion as his own. This is improper. Bankruptcy Rule 7001 requires that an action to avoid a lien must be brought in the form of an adversary proceeding. FED.R.BANKR.P. 7001(2) (an adversary proceeding is a "proceeding to determine the validity, priority, or extent of a lien or other interest in property . . ."). This includes actions to avoid a lien pursuant to § 544(a)(1). *Canney v. Merchants Bank*, 284 F.3d 362, 374 (2nd Cir. 2002).

Page 6

In re: Steven Bechtel
Case No. 08-31895

This is not to say that this type of procedural deficiency will always be fatal to a movant's cause of action. In certain instances, the procedural defect of failing to commence an adversary proceeding may be waived. *In re Tampa Chain Co., Inc.*, 53 B.R. 772, 782-83 (Bankr. S.D.N.Y.1985). At the same time, the purpose of establishing special adversary procedures for certain bankruptcy disputes arises from "the need to invoke the due process solemnities indicative of the significance of the issues litigated." *In re Futrell*, 69 B.R. 378, 381 (Bankr. W.D.La.1987). As such, waivers are narrowly construed, and will not normally be permitted where, as here, the procedural defect can be easily cured. *In re Mansaray-Ruffin*, 530 F.3d 230, 237-38 (3rd Cir. 2008). Therefore, as nothing bars the Trustee or the Debtor from bringing an adversary proceeding, the instant Motion of the Debtor to Avoid Lien, as now prosecuted by the Trustee, will be Dismissed without prejudice.

**(2) Creditor's Motion for Relief from Stay and Abandonment**

As the basis for his Motion for Relief from Stay and Abandonment, the Creditor cites to §§ 362(d)(1) and 362(d)(2). Respectively, these provisions require the Court to relieve the stay for (1) "cause," often constituting what the Code terms a "lack of adequate protection," and (2) when the debtor does not have any equity in property of the estate and such property is not necessary for an effective reorganization. In seeking to have the stay relieved under these two provisions, the Creditor relies on his security arrangement with the Debtor, and his allegation that the Debtor has failed, since the commencement of this case, to make periodic payments as required under their agreement. (Doc. No. 14).

As alleged by the Creditor, relief from stay is often warranted under § 362(d) when two conditions are met: (1) the debtor fails to make payments on a claim; and (2) the creditor's claim is secured by property of the estate. *See, e.g., In re James G. Hunt Trucking Co.*, 114 B.R. 312, 314 (Bankr. M.D.Ga. 1990); *In re Trexler*, 97 B.R. 206, 207 (Bankr. E.D.Pa. 1989). For those reasons

Page 7

already explained earlier, however, the Trustee, but for a procedural deficiency, has raised a legitimate issue regarding the enforceability of the Creditor's security interest in this bankruptcy case. Consequently, while it is not disputed that the Debtor has not made payments to the Creditor as required, the Creditor's position presuppose a necessary component of his action for relief from stay – that he maintains an enforceable lien against the Debtor's property. Accordingly, the Creditor's Motion for Relief from Stay and Abandonment must be Denied at this Time.

### (3) Creditor's Objection to the Trustee's Notice of Public Auction

On this matter, the Creditor's Objection will be Overruled. The Creditor's Objection to the Trustee's Notice of Public Auction stems entirely from his asserted status as a secured creditor in this bankruptcy proceeding. (Doc. No. 57). But as explained, this status is unlikely to stand in the face of a proper adversary proceeding brought by the Trustee. Even so, no harm is likely to befall the Creditor if the sale were to proceed.

Under the Bankruptcy Code, the Trustee, subject to Court approval, is empowered to sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b)(1). The proceeds of any sale remain property of the estate, subject to the jurisdiction of this Court. As a result, even if the Trustee were not ultimately successful in avoiding the Creditor's lien, the legal right of the Creditor in the proceeds of any sale of his collateral would remain protected by the Court. In addition, according to the Trustee's Notice, the "auction will be conducted according to ordinary and customary auction practices." (Doc. No. 50). The Creditor, thus, may ensure that the sale of the Debtor's property garners a fair price by, for example, bidding on the property at the auction.

In re: Steven Bechtel
Case No. 08-31895

**(4) The Trustee's Motion to Certify Question of Controlling Law to the Supreme Court of Ohio**

The Trustee has asked that the Court certify the following question of law to the Ohio Supreme Court:

> Whether a self-drafted "retail installment contract, security agreement" qualifies as a security agreement within the meaning of the Uniform Commercial Code amounting to a security permitting a creditor to reclaim its property from a debtor in bankruptcy, even though the "retail installment contract, security agreement" was not recorded prior to the initiation of the bankruptcy proceeding.

(Doc. No. 58).

Ohio law provides that a court of the United States may certify a question to the Ohio Supreme Court for determination when "there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." S.Ct. R. XVIII(1). The purpose of certification is to "avoid guessing what that law is when there is no definitive answer in the law of the controlling State." Advisory Notes, Unif.Certification of Questions of Law Act (1995). "Certification to the state court rests within the sound discretion of the federal court . . . ." *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991), *citing Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974).

In this matter, the Court declines to exercise its discretion, and certify the question presented by the Trustee to the Ohio Supreme Court. First, the Motion to Avoid Lien is to be Dismissed, thus making the matter moot at this particular time. In addition, even if this were not the case, the Court is unable to discern any particularly novel issue of state law which would warrant certification. To

Page 9

**In re: Steven Bechtel**
**Case No. 08-31895**

the contrary, the question to be certified would appear to afford too much weight to form over substance.

According to the Trustee, certification is warranted on the issue of lien avoidance because there exists a question as to whether the Parties' agreement, entitled a "retail installment contract, security agreement," can create under Ohio law an enforceable security interest. In this Court's estimation, however, this position seeks to improperly place too much emphasis on the phrase "retail installment contract." Ohio law holds that a security interest may be "created where there is a written document which sufficiently evidences the parties' intent to create a security interest." *Silver Creek Supply v. Powell*, 36 Ohio App.3d 140, 144, 521 N.E.2d 828, 832 (1987). No formal language is necessary. *Id.* In this regard, it is clear to the Court that the Parties did not intend to use the term "retail installment contract" in its technical sense as such contracts are defined by reference to transactions involving consumers. O.R.C. § 1317.01, *et seq.*

## CONCLUSION

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

In re: Steven Bechtel
Case No. 08-31895

Accordingly, it is

**ORDERED** that the Motion of the Debtor, Steven Bechtel, to Avoid Lien, (Doc. No. 24), be, and is hereby, DISMISSED.

*IT IS FURTHER ORDERED* that the Motion of the Creditor, Carl E. Murphy, for Relief from Stay and Abandonment, (Doc. No. 14), be, and is hereby, DENIED.

*IT IS FURTHER ORDERED* that the Objection of the Creditor, Carl Murphy, to the Trustee's Notice of Public Auction, (Doc. No. 57), be, and is hereby, OVERRULED.

*IT IS FURTHER ORDERED* that the Motion of the Trustee to Certify Question of Controlling Law to the Supreme Court of Ohio, (Doc. No. 58), be, and is hereby, DENIED.

Dated: September 22, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

# CERTIFICATE OF SERVICE

Copies were mailed this 22nd day of September 2008 to:

Steven Alan Bechtel
1910 W Robb Ave #3
Lima, OH 45805

William H White
311 N Elizabeth St
Lima, OH 45801

Bruce C French
PO Box 839
Lima, OH 45802-0839

Larry D. Gorrell
1201 N Williams St
Paulding, OH 45879

Alfred W. Schneble, III
11 W. Monument Ave.
#402
Dayton, OH 45402

                                                /s/Jennifer S Huff
                                        Deputy Clerk, U.S. Bankruptcy Court